LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordp001@hawaii.rr.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL WARD, <br>    Plaintiff <br><br> v. <br><br> MYUNG SOO HWANG REVOCABLE LIVING TRUST; I SUN HWANG REVOCABLE LIVING TRUST <br>    Defendants | CIVIL NO. 19-000011 LEK-RLP <br><br> AMENDED COMPLAINT |

**AMENDED COMPLAINT**

Plaintiff DANIEL WARD, through his undersigned counsel, avers and alleges:

JURISDICTION AND VENUE

1. This court has original jurisdiction pursuant to 28 U.S.C. Section 1331 through the federal question raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter

"ADA"), 42 U.S.C. Section 12101 et seq., and has pendant jurisdiction over the parallel state claim.

    2.  All events material hereto occurred within the District of Hawaii.

    3. Plaintiff DANIEL WARD is a person with a disability. Plaintiff is a spinal cord-injured quadriplegic.  He therefore has standing to bring this suit for the alleged discrimination.

VIOLATION OF 42 U.S.C. 12101 ET. SEQ.

    4.   According to 28 CFR part 36, defendants are a "public accommodation," owning and/or in control of property on which is operating a "place of public accommodation," namely a grocery store, located at 94-861 Farrington Hwy., Waipahu, City & County of Honolulu, Hawaii, and thereby falls under the ambit of the ADA, 42 U.S.C. Section 12101 et seq.

    5.  The defendants are revocable living trusts created in the State of Hawaii, and both trusts have Hawaii residents as co-trustees.  The defendants are amenable to suit by any aggrieved individual for violation of the ADA, including the plaintiff.

    6.  The defendants have violated and have not complied with the ADA final rules, 28 CFR part 36, Subpart C, including but not limited to failure to eliminate readily achievable architectural barriers to equal accessibility, including but not limited to:

    a) no accessible route;

    b) no accessible entrance;

    c) no accessible parking; and

    d) no accessible counter.

THEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THE COURT: enter judgment for the plaintiff and against the defendants and order the following relief:

    A)  An injunction ordering the defendants' full compliance with the ADA within one hundred eighty (180) days;

    B) Payment of plaintiff's litigation costs, including reasonable attorney's fees; and

    C) Such other relief as the court deems proper.

DATED: Honolulu, Hawaii, March 15, 2019.

/s/ LUNSFORD DOLE PHILLIPS